THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OGDEN CITY et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION &<br>ORDER GRANTING MOTION FOR<br>RELIEF FROM JUDGMENT**<br><br>Case No. 1:24-cv-00082 DBB<br><br>District Judge David Barlow |

　　　　Under 28 U.S.C.S. § 1915(g) (2025) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."), Plaintiff was deemed ineligible to proceed *in forma pauperis*, as he requested. (ECF Nos. 1, 5.) When he then failed to pay his entire $350 court filing fee, on June 28, 2024, this action was dismissed. (ECF No. 9.)

　　　　On February 18, 2025, Plaintiff filed a "Motion to . . . Reopen Case and Reestablish Ogden City as Defendant," in which he argued, "Amended Complaint is a forgery taking Ogden City off case and case was dismissed outside of federal civil court procedure time allowed for reply was never followed." (ECF No. 12.)

　　　　The Court interprets Plaintiff's motion as a request for relief from judgment under Federal Rule of Civil Procedure 60(b), which states in relevant part, "On motion and just terms,

the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons [of] mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Though Plaintiff suggests other reasons to "reopen" this case, the Court has reviewed the cases used to justify dismissal of this action under § 1915(g) and acknowledges the mistake that one of them was filed while Plaintiff was not a prisoner, *Lopez v. Cache Cnty.*, No. 1:19-CV-117-HCN (D. Utah Mar. 2, 2021). This leaves Plaintiff with only two "strikes" under § 1915(g). The Court therefore grants Plaintiff's Rule 60(b) motion, (ECF No. 12), and vacates its orders (a) denying Plaintiff's Motion to Proceed Without Prepaying Filing Fee, (ECF Nos. 1, 5); and (b) dismissing this action, (ECF Nos. 9-10).

Meanwhile, the latest information known to the Court is that Plaintiff has an address on the docket that possibly indicates he has been released from jail and moved to a private residence.

**IT IS THEREFORE ORDERED** as follows:

**(1)** Plaintiff's motion for relief from judgment is **GRANTED**. (ECF No. 12.)

**(2)** The orders denying Plaintiff's IFP motion and dismissing this action are **VACATED**. (ECF Nos. 5, 9–10.)

**(3)** Within thirty days, Plaintiff must either verify in a letter to the Court that Plaintiff is still a prisoner and, if so, where; or Plaintiff must file a renewed Application to Proceed IFP, reflecting non-prisoner status.

**(4)** The Clerk of Court must attach a blank IFP application (for a nonincarcerated party) to Plaintiff's copy of this Order.

**(5)** Plaintiff's "Motion to . . . Reestablish Ogden City as Defendant" is **DENIED**. (ECF No. 12.) If Plaintiff wants to name Ogden City as a defendant, Plaintiff must file a motion to amend his amended complaint. (ECF No. 8.)

DATED this 18th day of April, 2025.

BY THE COURT:

_____
DAVID BARLOW
United States District Court Judge
